# Exhibit "A"

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

**DAVID McKINNIE,**

      Plaintiff,

-vs-

**WAL-MART STORES EAST, L.P.**
**d/b/a/ WALMART SUPERCENTER,**
a Foreign corporation,

      Defendant.
_____/

Case No: 20-710 -NO

Hon.: Michael L. West

NICOLE M. WINSTON (P58156)
WINSTON & DAMMAN, PLLC
Attorneys for Plaintiff
516 MCMORRAN BLVD.,
PORT HURON, MI 48060
(810) 966-9467
nicole@winstondamman.com
chris@winstondamman.com
_____/



## COMPLAINT

THIS IS TO CERTIFY THAT NO OTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT HAS HERETOFORE BEEN COMMENCED IN THIS COURT.

*Nicole M. Winston*
_____
NICOLE M. WINSTON (P58156)

RECEIVED JAY M. DEBOYER 05-15-2020 14:26:32 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED



NOW COMES the Plaintiff, DAVID MCKINNIE, by and through his attorneys, WINSTON & DAMMAN, PLLC, and for his cause of action against the Defendant, WAL-MART STORES EAST, L.P. d/b/a/ WALMART SUPERCENTER., a foreign corporation, state:

1. Plaintiff is resident of the St. Clair County, State of Michigan.

2. Defendant, WAL-MART STORES EAST, L.P. d/b/a/ WALMART SUPERCENTER, is a foreign corporation, authorized to do business in the State of Michigan, and at all relevant times herein was the owner of commercial property located at: Walmart Supercenter #1611, 4845 24th Avenue, Fort Gratiot, County of St. Clair, State of Michigan, where the incident occurred.

3. The amount in controversy exceeds $25,000, exclusive of interest, attorneys fees and costs, and this cause of action is otherwise in jurisdiction of this Court.

4. On or about May 19, 2017, David McKinnie ("Plaintiff") was a business invitee at Defendant's WalMart Supercenter, located at 4845 24th Avenue, in Fort Gratiot, State of Michigan.

5. On the above-mentioned date, while a business invitee on Defendant's premises, Plaintiff was shopping within Defendant's store, when a kayak fell from a shelf injuring Plaintiff's left hand.

6. Defendant owed the following duties to Plaintiff, which, not withstanding said duties, were breached in the following particulars, said far as is presently known:

2

(a) Negligently and carelessly permitting the store's items to be displayed in a manner where it was reasonably foreseeable to cause injury to its business invitees including, but not limited to, stacking or improperly shelving kayaks on a shelf.

(b) Failing to change the display of its goods to remedy the hazardous condition which it knew, and/or should have known, including, but not limited to, placing the kayaks on the lower shelf, securing the kayaks so they would not slide off of the shelves, positioning the kayaks in a safe manner so Defendant's customers would not be struck by the kayak.

(c) Negligently and carelessly failing to make regular and frequent inspections of the displays and to acquaint itself with any hazardous and dangerous conditions existing and to rectify them.

(d) Negligently and carelessly failing to warn its customers of the presence and existence of the defect, and negligently maintained display on its premises, when the same came to the attention, and/or reasonably should have come to the attention of Defendant.

(e) Failing to take reasonable precautions to protect Plaintiff from foreseeable dangers.

(f) Failing to maintain its premises in a safe condition.

(g) Failing to properly stack its shelves so that Plaintiff could shop safely.

(h) Failing to inspect its shelves and displays to insure items were properly stacked and displayed.

(i) Committing such other acts of negligence as will be discerned through discovery.

7. As a direct and proximate result of Defendant's carelessness, negligence, gross negligence, and/or recklessness, the Plaintiff, David McKinnie, sustained severe injury to his left hand, as well as other injuries which may come to light throughout discovery.


WINSTON & DAMMAN

3

8. Plaintiff's damages include, but are not limited to, medical expenses, pain and suffering, embarrassment and humiliation, permanent disfigurement, loss of enjoyment of life, mental suffering, and wage loss, each of which are for the past, present, and future period.

WHEREFORE, Plaintiffs, David McKinnie, demand judgment against Defendant in whatever amount over $25,000 the trier of fact deems reasonable plus interest, costs, and all applicable attorneys fees so wrongly incurred.



Respectfully submitted,

**WINSTON & DAMMAN, P.L.L.C.**

By: *Nicole M. Winston*

**NICOLE M. WINSTON (P58156)**
Attorney for Plaintiff
516 McMorran Blvd.,
Port Huron, MI 48060
810-966-9467

Dated: May 15, 2020

4

RECEIVED JAY M. DEBOYER 05-15-2020 14:26:32 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

**DAVID McKINNIE,**

       Plaintiff,

-vs-

**WAL-MART STORES EAST, L.P.
d/b/a/ WALMART SUPERCENTER,**
a Foreign corporation,

       Defendant.

Case No: 20-710 -NO

Hon.: Michael C. West

_____/

NICOLE M. WINSTON (P58156)
WINSTON & DAMMAN, PLLC
Attorneys for Plaintiff
516 MCMORRAN BLVD.,
PORT HURON, MI 48060
(810) 966-9467
nicole@winstondamman.com
chris@winstondamman.com

_____/



## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff herein, DAVID MCKINNIE, by and through his attorneys, WINSTON & DAMMAN, P.L.L.C., and hereby demands a trial by jury as to each and every issue in regard to the above captioned matter.

Respectfully submitted,

**WINSTON & DAMMAN, P.L.L.C.**

By: _____
**NICOLE M. WINSTON (P58156)**
Attorney for Plaintiff
516 McMorran Blvd
Port Huron, MI 48060
810-966-9467

Dated: May 15, 2020

RECEIVED JAY M. DEBOYER 05-15-2020 14:26:32 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED